CLEVELAND (city) v PURCELL et

Ohio Supreme Court

No 21218. Decided Feb 6, 1929

Syllabus by DAY, J.

**APPEAL-Real Estate (510 E3)**

(30 I2) In a proceeding by a municipality to appropriate land, begun in the insolvency court, appeal lies for the benefit of either party from the judgment of such court to the court of common pleas.

**CONSTITUTIONAL LAW**

(140 S) **Section 3696, General Code,** providing for an appeal to the court of common pleas from the probate court by a party interested in a case involving the appropriation of property by a municipal corporation, is not in conflict with Section 6, Article IV, of the Constitution of Ohio.

Marshall, CJ, Kinkade, Robinson, Jones, Matthias and Allen, JJ, concur.

---

DAYTON (city) v JACOBS

Ohio Supreme Court

No 21261. Decided Feb 6, 1929

Syllabus by ROBINSON, J.

**MUNICIPAL CORPORATIONS**

(360 P5) It is within the police power of a municipality, under Section 3 of Article XVIII of the Constitution of Ohio, for the preservation of the public health, to prohibit the sale or exposure for sale of diseased and unwholesome meat within its territory, and, for the accomplishment of such purpose, to provide that, before any meat be sold or offered for sale, it be first inspected and approved by a duly constituted officer of the municipality, according to a standard established by such municipality, or by some other constituted authority having as high a standard of inspection and approval.

A municipality has the power to charge and collect a fee for such inspection service, commensurate with the cost of such service, from the person so selling or offering for sale meat intended for human consumption.

**STATUTES**

(550 F) The fact that certain slaughtering establishments in a municipality, by reason of the scope of their business, are entitled to receive and do receive a free inspection service and an approval or disapproval from the federal government and therefore do not require nor receive such service from the municipality, and are not charged any inspection fee by the municipality, does not make the exaction by the municipality of a fee for inspection service from establishments which are not entitled to and do not receive inspection service from the federal government and do require and receive inspection service from the municipality, invalid because of discrimination.

**CONSTITUTIONAL LAW**

(140 O) Sections 735 and 737 of the meat inspection ordinance of the city of Dayton, as amended December 28, 1927, are valid and enforceable provisions.

Marshall, CJ, Kinkade, Jones, Matthias, Day and Allen, JJ, concur.